1   Nina Rabin, AZ Bar #025246
2   Workers' Rights Clinic
3   James E. Rogers College of Law, Univ. of Arizona
4   1145 N. Mountain Ave.
5   Tucson, AZ 85719
6   Telephone: (520) 621-9206
7   Fax: (520) 626-5233
8   rabin@email.arizona.edu
9
10  Attorney for plaintiff Maria Silvia Quiroz Mendoza
11
12                    **UNITED STATES DISTRICT COURT**
13                          DISTRICT OF ARIZONA
14
15  _____
16                                                    )
17  MARIA SILVIA QUIROZ MENDOZA,                      )
18                                                    )   Case No. _____
19          Plaintiff                                 )
20                                                    )
21          v.                                        )   COMPLAINT FOR
22                                                    )   VIOLATIONS OF THE FAIR
23                                                    )   LABOR STANDARDS ACT
24  MARIA RAMIREZ; JUAN RAMIREZ; EMMA RAMIREZ;        )   AND ARIZONA MINIMUM
25  RAMIREZ RESTAURANTS 2, LLC, DBA LOS BETOS;        )   WAGE AND WAGE
26  LOS BETOS INA ROAD, LLC, DBA LOS BETOS;           )    PAYMENT LAWS
27  LOS BETOS ST. MARY'S, LLC, DBA LOS BETOS, AND     )
28  RAMIREZ RESTAURANTS, LLC, DBA LOS BETOS,          )
29                                                    )
30          Defendants.                               )
31  _____)
32

33                          **<u>INTRODUCTION</u>**

34      1.  This is an action by plaintiff Maria Silvia Quiroz Mendoza (hereinafter "Ms.

35          Quiroz" or "plaintiff") against her former employers, Maria Ramirez; Juan

36          Ramirez; Emma Ramirez; Ramirez Restaurants 2, LLC; Los Betos Ina Road,

37          LLC; Los Betos St. Mary's, LLC; and Ramirez Restaurants, LLC  (each LLC

38          doing business as Los Betos and each employer hereinafter together referred to as

39          "defendants" and each a "defendant").

1    2.  Defendants have owned and operated Los Betos restaurants at several addresses
2        in Tucson, Arizona.
3    3.  Ms. Quiroz was employed at three of defendants' restaurants from June 26, 2008
4        until April 22, 2015 as a cashier.
5    4.  During her entire employment, Ms. Quiroz regularly worked more than 40 hours
6        per week, but she was never paid at a rate of one and one half times her hourly
7        wage. For some weeks, she was paid less than the Arizona minimum wage. The
8        failure to make timely payment of all wages violates Arizona's Wage Payment
9        Law. When Ms. Quiroz requested her unpaid wages from her employers,
10       defendants retaliated against her with threats regarding her alleged immigration
11       status.
12   5.  Plaintiff brings this action in order to recover damages arising out of defendants'
13       willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et
14       seq., Arizona's Wage Payment Law, A.R.S. § 23-350, et seq., and Arizona's
15       Minimum Wage Law, A.R.S. § 23-362, et seq.
16   6.  Specifically, plaintiff seeks remedies for non-payment of wages, including
17       liquidated, compensatory and punitive damages, prejudgment interest, and costs
18       and attorneys' fees, as provided by law.
19
20                          **JURISDICTION AND VENUE**
21   7.  This complaint alleges causes of action under the Fair Labor Standards Act, 29
22       U.S.C. § 201 et seq. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C
23       § 1331. This complaint also alleges causes of action under Arizona state laws that

1    arise out of the same set of operative facts as the federal cause of action.

2    Accordingly, this Court has supplemental jurisdiction over the state claims

3    pursuant to 28 U.S.C. § 1367(a).

4  8. Venue is proper in the District of Arizona under 28 U.S.C. § 1391(b) and (c),

5    because defendants conduct business in this District and because defendants failed

6    to pay plaintiff wages for services performed in Arizona.

7

8                              **<u>PARTIES</u>**

9  9. Plaintiff Maria Silvia Quiroz Mendoza is an individual who, at all times relevant

10    to the instant action, was and is a resident of Pima County in the State of Arizona.

11    Ms. Quiroz was an employee of defendants from June 26, 2008 until April 22,

12    2015. She worked as a cashier at three of defendants' Los Betos restaurants,

13    located at 3567 N. Oracle Road, Tucson, AZ 85705; 2910 E. Speedway Blvd,

14    Tucson, AZ 85716; and 32 N. Campbell Avenue, Tucson, AZ 85719. In addition

15    to working at the cash register, where she charged customers and filled their food

16    orders, Ms. Quiroz also performed cleaning, dishwashing, food preparation, and

17    other jobs at the direction of defendants.

18  10. Defendant Maria Ramirez is a natural person and wife of defendant Juan Ramirez.

19    She resides in Pima County, Arizona. She is an owner of the Los Betos

20    restaurants where Ms. Quiroz was employed, and of defendants Ramirez

21    Restaurants, Ramirez Restaurants 2, and Los Betos Ina Road. She is also believed

22    to be an owner of defendant Los Betos St. Mary's. Maria Ramirez was personally

23    responsible for the direct supervision of every aspect of Ms. Quiroz's

3

1      employment. She hired Ms. Quiroz, terminated her employment, set her hours,

2      told her which location she was to work at, directed her to wear a uniform, set her

3      wage, managed her payroll, signed her paychecks, and directed the tasks she was

4      to perform and the manner in which she performed them.

5      11. Defendant Juan Ramirez is a natural person and husband of defendant Maria

6         Ramirez. He resides in Pima County, Arizona. He is an owner of the Los Betos

7         restaurants where Ms. Quiroz was employed and of defendants Los Betos Ina

8         Road and Ramirez Restaurants 2. He is believed to be an owner of defendant Los

9         Betos St. Mary's and Ramirez Restaurants. Mr. Ramirez directly supervised Ms.

10        Quiroz's employment. He told her which location she was to work at, directed the

11        tasks she was to perform and the manner in which she performed them, and had

12        the authority to terminate her employment.

13      12. Defendant Emma Ramirez is a natural person who, on information and belief, is

14        daughter of defendant Maria Ramirez. She is believed to reside in Pima County,

15        Arizona. She is an owner of defendant Los Betos St. Mary's, which is a successor

16        to and/or alter ego of all other companies owned and operated by defendants

17        under Arizona and federal law. On information and belief, she is believed to have

18        assumed the liabilities of defendants' other companies. The creation of Los Betos

19        St. Mary's either amounts to a consolidation or merger with defendants' other

20        companies or it is a mere continuation of defendants' other companies; and the

21        transfer of assets from defendants' other companies to Los Betos St. Mary's was

22        for the purpose of escaping liability.

1    13. Defendant Ramirez Restaurants 2 is an Arizona limited liability company located
2    at 16962 W. Calle Cristobal, Tucson, AZ, 85653, which conducts or conducted
3    business as the Los Betos restaurants owned by defendants Maria and Juan
4    Ramirez. It is a successor to and/or alter ego of all other restaurants owned by
5    defendants in the meaning of Arizona and federal law. On information and belief,
6    the creation of Ramirez Restaurants 2 either amounts to a consolidation or merger
7    with defendants' other companies or it is a mere continuation of defendants' other
8    companies and the transfer of assets from defendants' other companies was for
9    the purpose of escaping liability. Defendants Maria and Juan Ramirez are owners
10   of Defendant Ramirez Restaurants 2.

11   14. Defendant Los Betos Ina Road is an Arizona limited liability company located at
12   4299 N. Ina Road, Tucson, AZ 85741, which conducts or conducted business as
13   the Los Betos restaurants owned by defendants Maria and Juan Ramirez. It is a
14   successor to and/or alter ego of all other restaurants owned by defendants in the
15   meaning of Arizona and federal law. On information and belief, the creation of
16   Los Betos Ina Road either amounts to a consolidation or merger with defendants'
17   other companies or it is a mere continuation of defendants' other companies and
18   the transfer of assets from defendants' other companies was for the purpose of
19   escaping liability. Defendants Maria and Juan Ramirez are owners of defendant
20   Los Betos Ina Road.

21   15. Defendant Los Betos St. Mary's is a limited liability company located at 1501 W.
22   St. Mary's Road, Tucson, AZ 85745, which conducts business as the Los Betos
23   restaurants owned by defendants Maria, Juan, and Emma Ramirez and is a

1    successor to and/or alter ego of all other restaurants owned by defendants in the

2    meaning of Arizona and federal law. On information and belief, the creation of

3    Los Betos St. Mary's, LLC either amounts to a consolidation or merger with

4    defendants' other companies or it is a mere continuation of defendants' other

5    companies and the transfer of assets from defendants' other companies was for

6    the purpose of escaping liability. On information and belief, defendants Emma,

7    Juan, and Maria Ramirez are owners of defendant Los Betos St. Mary's.

8    16. Defendant Ramirez Restaurants is a terminated limited liability company located

9        at 32 N. Campbell Ave, Tucson, AZ 85719, which conducted business as the Los

10       Betos restaurants owned by defendants Maria and Juan Ramirez. Defendants

11       Maria and Juan Ramirez are owners of this defendant.

12

13                        **FACTUAL ALLEGATIONS**

14   17. Ms. Quiroz was employed by defendants in three different locations of their Los

15       Betos restaurants: 3567 N. Oracle Road, Tucson, AZ 85705; 2910 E. Speedway

16       Blvd, Tucson, AZ 85716; and 32 N. Campbell Avenue, Tucson, AZ 85719.

17   18. Ms. Quiroz was employed by defendants from June 26, 2008 until April 22, 2015.

18   19. During Ms. Quiroz's employment, she worked as a cashier, charging customers

19       and providing them with their orders. She also washed dishes, cleaned, and

20       prepared food at the direction of defendants.

21   20. Every aspect of Ms. Quiroz's employment was directed by Maria and Juan

22       Ramirez. They set her wage and hours, supervised the tasks she performed and

1    the manner in which she performed them, determined the location at which she

2    would work, and had the authority to fire her.

3    21. From June 26, 2008 until January 18, 2015, Ms. Quiroz earned an hourly wage of

4    $8.00. From January 19, 2015 until April 22, 2015, Ms. Quiroz earned an hourly

5    wage of $8.50.

6    22. During her employment by defendants, Ms. Quiroz regularly worked more than

7    40 hours each week without receiving compensation at a rate of one and one half

8    times her hourly rate for each hour over 40. Some, but not all of the weeks that

9    Ms. Quiroz worked more than 40 hours without receiving one and one half times

10   her hourly wage were the weeks ending April 5, 2015, April 12, 2015, and April

11   19, 2015.

12   23. In January 2015, Ms. Quiroz was paid less than the Arizona minimum wage for

13   every hour of work she performed during the weeks ending January 4, 2015,

14   January 11, 2015, and January 18, 2015.

15   24. In approximately April 2015, Maria Ramirez responded to Ms. Quiroz's request

16   for her unpaid wages with a retaliatory threat, stating that she would seek to have

17   her removed from the United States.

18   25. On information and belief, defendants did not maintain accurate record of

19   plaintiff's wages earned and hours worked.

20   26. On information and belief, defendants did not post notices in view of employees

21   regarding the federal or state wage payment laws.

22   27. Defendants willfully ignored the possibility that federal and state law required

23   Ms. Quiroz to be paid the minimum wage.

1   28. By willfully failing to timely pay all wages due, defendants enjoyed ill-gained

2       profits at the expense of plaintiff.

3   29. At all times relevant hereto, plaintiff was engaged in commerce in that she

4       directly and regularly participated in the movement of things in commerce by

5       regularly using the instrumentalities of interstate commerce.

6   30. At all relevant times hereto, defendants Ramirez Restaurants, Ramirez

7       Restaurants 2, Los Betos Ina Road, and Los Betos St. Mary's have been

8       enterprises that have had two or more employees handling, selling, or otherwise

9       working on goods or materials that have been moved in or produced for

10      commerce and have had an annual gross volume of sales made or business done

11      of not less than $500,000.

12  31. All defendants have been, at all times relevant hereto, plaintiff's employers within

13      the meaning of the FLSA, 29 U.S.C. § 203(d) and A.R.S. §§ 23-350, 362 and are

14      jointly and severally liable to plaintiff for violations of her rights under the FLSA

15      and Arizona laws.

16

17                          **<u>FIRST CLAIM FOR RELIEF:</u>**

18  **FAILURE TO PAY OVERTIME, UNLAWFUL RETALIATION, AND FAILURE**

19  **TO MAINTAIN RECORDS IN VIOLATION OF THE FLSA, 29 U.S.C. § 201 *et***

20  ***seq.***

21  1.  Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs

22      as if they were fully set forth again herein.

2.  Section 207 of the FLSA, 29 U.S.C. § 207, establishes the right of all persons who are "suffered or permitted to work" to have their employer pay the correct overtime rate for all hours worked in excess of forty hours in a workweek.

3.  Section 211 of the FLSA, 29 U.S.C. § 211(c), requires employers to maintain records of the hours worked and wages earned by their employees.

4.  Section 215 of the FLSA, 29 U.S.C. § 215(a)(3) makes it unlawful for employers to retaliate against employees for seeking to enforce their rights under the FLSA.

5.  During her entire employment, Ms. Quiroz regularly worked more than forty hours per week and defendants did not pay her overtime wages in violation of 29 U.S.C. § 207(a)(1).

6.  Defendant Maria Ramirez made a retaliatory threat against Ms. Quiroz when she requested her unpaid wages.

7.  Defendants did not maintain accurate records of plaintiff's hours worked or wages earned, as required by 29 U.S.C. § 211(c).

8.  Defendants acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA.

9.  Because Defendants' violations of the FLSA demonstrated reckless disregard for the requirements of FLSA, their violations of FLSA were willful.

10. Ms. Quiroz has been harmed as a result of defendants' violations of the FLSA. She has suffered financial damage and emotional distress due to defendants' refusal to pay her as required by FLSA.

11. Based on the foregoing and pursuant to 29 U.S.C. § 216(b), Ms. Quiroz seeks unpaid wages at the required legal rate for all of her working hours during the

1    relevant time period, liquidated damages, prejudgment interest, attorneys' fees

2    and litigation costs, and all other costs and compensatory and punitive damages

3    allowed by law.

4

5    **SECOND CLAIM FOR RELIEF:**

6    **FAILURE TO PAY THE MINIMUM WAGE, UNLAWFUL RETALIATION,**

7    **FAILURE TO POST NOTICES, AND FAILURE TO MAINTAIN RECORDS IN**

8    **VIOLATION OF THE ARIZONA MINIMUM WAGE ACT, A.R.S. 23-362** *et seq.*

9    12. Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs

10        as if they were set forth again herein.

11    13. The Arizona Minimum Wage Act, A.R.S. §§ 23-363(A), (B), establishes the

12        minimum wage that employers in Arizona must pay to their employees.

13    14. Section 364(D) of the Minimum Wage Act, A.R.S. § 23-364(D), requires

14        employers to post notices informing employees of their rights under the Act.

15    15. Section 23-364(D) of the Minimum Wage Act, A.R.S. § 23-364(D) requires

16        employers to maintain records of their employees' wages earned and hours

17        worked for four years and establishes a rebuttable presumption that the employer

18        did not pay the minimum wage if the employer fails to maintain such records.

19        Section 23-364(D) further requires that the employer permit the employee or her

20        representative to "inspect and copy" payroll records upon request.

21    16. Section 364(B) of the Minimum Wage Act, A.R.S. § 23-364(B), makes it

22        unlawful for employers to retaliate against employees for seeking to enforce their

23        rights under the Arizona Minimum Wage Act, or for informing or assisting

1    another in enforcing their rights under the Act, and it establishes a rebuttable

2    presumption that the employer engaged in unlawful retaliation if adverse action is

3    taken against an employee within 90 days of asserting a claim or right under the

4    Act.

5    17. Defendants paid Ms. Quiroz less than the applicable minimum wage for

6    approximately three weeks in January 2015 in violation of A.R.S. §§ 23-363.

7    18. Defendants failed to post the notices required by A.R.S. § 23-364(D).

8    19. Defendants failed to maintain records of plaintiff's wages and hours.

9    20. Defendant Maria Ramirez made a retaliatory threat against Ms. Quiroz when she

10    requested her unpaid wages.

11    21. Defendants were willful in that they demonstrated reckless disregard for the

12    requirements of the Act.

13    22. Plaintiff has been harmed as a result of defendants' violations of the Act,

14    including loss of earnings and emotional distress, all of which will be proven at

15    trial.

16    23. Based on the foregoing and pursuant to A.R.S. § 23-364, Ms. Quiroz seeks unpaid

17    wages at the required legal rate for all of her working hours during the relevant

18    time period, double damages, prejudgment interest, attorneys' fees and litigation

19    costs, and all other costs, penalties and damages allowed by law.

20

21    **THIRD CLAIM FOR RELIEF:**

22    **FAILURE TO MAKE TIMELY WAGE PAYMENTS IN VIOLATION OF**

23    **ARIZONA'S WAGE PAYMENT LAWS, A.R.S. § 23-350 *et seq.***

1   24. Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs
2        as if they were fully set forth again herein.
3   25. A.R.S. § 23-351(C)(3) requires that employers pay all wages due, including
4        overtime wages, no later than sixteen days after the most recent pay period.
5   26. In January 2015, defendants paid Ms. Quiroz less than the minimum wage as
6        mandated by the FLSA and the Arizona Minimum Wage Act.
7   27. Throughout her employment, defendants did not pay Ms. Quiroz overtime for the
8        hours that she worked in excess of forty per week, in violation of the FLSA.
9   28. Ms. Quiroz has been harmed as a result of the Defendants' violation of A.R.S. §
10       23-351(C)(3), including loss of earnings and emotional distress, all of which will
11       be proven at trial.
12  29. Based on the foregoing, Ms. Quiroz seeks treble damages pursuant to A.R.S. §
13       23-355(A).
14
15                          **PRAYER FOR RELIEF**
16  *WHEREFORE, plaintiff respectfully requests that this Court:*

17       A.     Award Ms. Quiroz damages for unpaid overtime wages, and retaliation
18  plus liquidated damages in an equal amount, plus compensatory and punitive
19  damages as provided by the FLSA, 29 U.S.C. § 216(b), and interest, in an amount to
20  be determined at trial;

21       B.     Award Ms. Quiroz twice the full amount of wages owed in violation of
22  Arizona's Minimum Wage Act, as provided by A.R.S. § 23-364(G), and interest, in

1    an amount to be determined at trial, and assess civil penalties pursuant to A.R.S. § 23-

2    364(F);

3         C.     Award Ms. Quiroz three-times the full amount of wages owed, as

4    provided by A.R.S. § 23-355(A), and interest, in an amount to be determined at trial;

5         E.     Award attorneys' fees and costs to Ms. Quiroz for legal services provided

6    by the Workers' Rights Clinic of the University of Arizona pursuant to 29 U.S.C. §

7    216(b), A.R.S. § 12-341 et seq.;

8         F.     Grant such additional and further relief as the Court deems just and

9    proper.

10                      **DEMAND FOR JURY TRIAL**

11   Plaintiff hereby demands a jury trial on all causes of action and claims with respect to

12   which she has a right to jury trial.

13

14   Tucson, AZ

15   May 18, 2016

16

17                             Respectfully submitted,

18

19                       BY: _____ /s/_____

20                          Nina Rabin

21                          Attorney for Plaintiff